RECEIVED
IN LAKE CHARLES, LA.
OCT 26 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| RICKEY PADILLA<br>FED. REG. NO. 11398-075<br>VS.<br><br>UNITED STATES OF AMERICA | CIVIL ACTION NO. 09-0672<br>SECTION P<br>JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Rickey Padilla, proceeding *pro se* and *in forma pauperis*, moves the Court to determine his indigency and his ability to pay the ten thousand dollar ($10,000) fine ordered by the United States District Court for the Western District of Texas following Padilla's felony convictions in that court. See *United States v. Padilla*, No. 94-cr-150.

Padilla is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institute, Oakdale, Louisiana. His motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that his Motion be **DENIED** and **DISMISSED**.

*Law and Analysis*

Padilla was convicted of various crimes in the United States District Court for the Western District of Texas. *See* Brief for United States of America, *United States v. Padilla*, 2002 WL 32179212 (5th Cir. 2002) (setting forth the procedural history including convictions and sentences imposed). In addition to prison sentences, the Court imposed a fine of $10,000.

On April 21, 2009, Padilla filed the instant motion citing a repealed and inapplicable statute, 18 U.S.C. § 3569, as authority for his request that this Court determine his indigency and then remit all or a portion of the fine.[1] Doc. 1. Padilla offers no authority in support of his contention that this Court has jurisdiction over his motion.

Padilla may have intended to seek relief pursuant to 18 U.S.C. § 3573. That statute authorizes the court, "in the interest of justice" to "remit all or part of the unpaid portion of the fine . . ." but only upon petition of the Government and, such petition must be filed "in the court in which sentence was originally imposed." Or, he may have intended to utilize the provisions of 28 C.F.R. § 571.50 et seq., which provide for procedures for processing fines for inmates convicted of an offense committed before November 1, 1987. As shown above, however, it does not appear that Padilla is eligible for relief under these regulations since the offense he was convicted of was committed after November 1987.

Therefore,

**IT IS RECOMMENDED** that Padilla's Motion for Determination of Indigency [doc. 1] be **DENIED** and **DISMISSED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[1] This statute was repealed by Act October 12, 1984, P.L. 98-473, Title II, Chapter II, § 212(a)(1), 98 Stat. 1987. It

proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26 day of October, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

is inapplicable to an offense committed after November 1, 1987.